IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JAMIE MICHAEL WALKER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. V-04-74 |
| § | |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Jamie Michael Walker, a prisoner at the Stevenson Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the outcome of a TDCJ-CID disciplinary hearing. The Respondent has filed a Motion for Summary Judgment contending that Walker has failed to state a claim for federal habeas relief. Walker has filed a response stating that he intends to file a civil rights complaint and that he seeks a declaratory judgment establishing that he is not required to seek habeas relief. The court will grant the Respondent's Motion for Summary Judgment and will dismiss this action because it is baseless.

### I. Procedural History and Claims

Walker is serving an eight-year sentence for sexual assault of a child. *State v. Walker*, No. 219-8088 (219th Dist. Ct. Collin County, Tex. Aug. 12, 2002). He does not challenge the validity of any felony conviction in this petition. Instead, he challenges the finding of a TDCJ-CID

disciplinary hearing officer. Walker was found guilty of inciting a riot while he was at the TDCJ-CID Gurney Unit near Palestine, Texas. The hearing officer assessed the following punishments: a loss of 360 days of good-time credit, a demotion from State Approved Trustee 3 to Line Class 2, and a loss of thirty days of recreational and commissary privileges. Walker appealed the disciplinary action which was upheld by the prison administration.

In the present action, Walker contends that there was no evidence to support the disciplinary hearing officer's finding of guilt.

## II. Standards

A. Summary Judgment

A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is

a genuine issue for trial. *Celotex*, 106 S.Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986).

### B. 28 U.S.C. § 2254

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986). The court will consider whether Walker's constitutional rights were violated during the disciplinary proceeding brought against him. 28 U.S.C. § 2254(a).

## III. Analysis

In order to obtain habeas relief, a prisoner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).

### A. Loss of Privileges

Walker's challenges regarding his loss of recreation and commissary privileges have no basis in law because such punishments are not actionable in federal court. *See Sandin v. Conner*, 115

3

S.Ct. 2293, 2297 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300.

Walker's loss of privileges for thirty days do not implicate any due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

B. Loss of Good-Time

Walker challenges the forfeiture of 360 days of good-time and seeks restoration of the lost time. Such a claim may be actionable if the petitioner's release under mandatory supervision is actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. *Malachi*, 211 F.3d at 958. As stated above, Walker was convicted of sexual assault of a child. A prisoner who has been convicted of such an offense is ineligible for release under mandatory supervision. *See* TEX. GOVT. CODE ANN. § 508.149(a)(11); TEX. PEN. CODE 22.011 (Vernon 2001). Moreover, Walker admits in his petition (Docket Entry No. 1, Page 5) that he is not

4

eligible for such a release. Therefore, any loss of good time does not affect the duration of Walker's incarceration and is not actionable. *See Orellana v. Kyle*, 65 F.3d at 31-32.

C. Demotion

There is no legal basis to Walker's claim that his rights were violated by the disciplinary hearing officer's order demoting him to a lower classification and custody status. The Constitution does not provide prison inmates with a liberty interest in a particular classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). The court liberally construes Walker's claim regarding his classification change to include an allegation that it has adversely affected his ability to earn good time credit which, in turn, may hurt his chances of being released before the expiration of his sentence. Although some prisoners in the Texas prison system may earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, they do not have an unqualified constitutional right to earn good time. TEX. GOVT. CODE § 498.003 (Vernon Supp. 2000) ("Good conduct time is a privilege and not a right."). Walker's contention that his rights were violated by the loss of the opportunity to earn good time, which might possibly lead to an earlier release, is too speculative to implicate a violation of a constitutionally protected liberty interest. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997), *citing Luken*, 71 F.3d at 193. (Moreover, as stated above, Walker is not eligible for release under mandatory supervision.) Similarly, any adverse effects the disciplinary action may have had on Walker's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

The Respondent's Motion for Summary Judgment is **GRANTED,** and Walker's habeas petition is **DISMISSED** because his claims do not provide an actionable basis for relief.

5

## IV. Civil Rights Complaint

Walker apparently acknowledges in his response (Docket Entry No. 8) that he cannot seek habeas relief under 28 U.S.C. § 2254. Consequently, he seeks a court order releasing him from seeking such relief before he can file a civil rights complaint under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994) ( suit for damages under 42 U.S.C. §1983 must be dismissed when the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been overturned); *Edwards v. Balisok*, 117 S.Ct. 1584 (1997) (challenges regarding denial of time credit are subject to *Heck's* requirement). Walker's proposed civil rights complaint would be clearly dismissible because he has not been subjected to any punishment that would entitle him to relief. *See Sandin*, 115 S.Ct. at 2297. Moreover, Walker seeks relief in the wrong court because the alleged incident occurred at the Gurney Unit which is located in the Tyler Division of the Eastern District of Texas. Finally, a prisoner may not file a civil rights complaint in a habeas proceeding. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-64 (5th Cir. 1998), *citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

Walker's claims regarding alleged violations of his civil rights are **DISMISSED**.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Walker needs to obtain a Certificate of Appealability before he can appeal this Memorandum and Order dismissing his petition. A Certificate of Appealability may be issued only if Walker makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a

showing, Walker must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). *See also Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Memorandum Opinion and Order, Walker has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The court **DENIES** the issuance of a Certificate of Appealability in this action.

## VI. Conclusion

The court ORDERS the following:

1. The Respondent's motion for summary judgment (Docket Entry 6) is **GRANTED**.

2. This action is **DISMISSED**, with prejudice.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 30th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

7